By the Court.
Plaintiff in error brought an action in the court of common pleas of Cuyahoga county to recover damages for injuries sustained by him, on June 6, 1913, while in the employ of the defendant in error. The injuries were due to the negligence of the defendant in failing and neglecting to guard a circular saw, as required by Section 1027, General Code, and in his failure to exercise ordinary care in furnishing plaintiff a safe place in which to work. One of the defenses of the defendant was that prior to the time of the injury he had paid into the state insurance fund the premium provided by the workmen’s compensation act and was entitled to all the privileges and benefits of the act, and that plaintiff, on or about June 14, 1913, made an application for an award from the state *206 liability board of awards for the injuries complained of and thereby waived all right he might have had to exercise his option to institute proceedings in a court for damages for said injuries. Plaintiff filed a reply denying these allegations.
It appears from the record, and it is uncontradicted, that plaintiff, a few days after he received . the injuries complained of, made out, signed and sent to the state liability board of awards a paper the caption of which was as follows:
“In the Matter of the Claim of William Zilch for Payment to Him of Money Out of the State Insurance Fund.”
Opposite this caption was the following:
“No. 5490. First Notice of Injury and Preliminary Application.”
Immediately below the caption and the matter opposite thereto, above quoted, appeared the following :
“I hereby make application to the state liability board of awards for the payment of money out of the state insurance fund on account of the injury to me hereinafter described and hereby request that all forms and blanks necessary for the proper proof of my claim be furnished to me, free of charge.”
Then followed certain statements of fact, which included the name of plaintiff, his address, nationality, the name of his employer with his office address and nature of business, the date of the accident, the location of the place where the accident happened, the manner of its happening, the nature of the injury, his inability to work, the time when he would probably be able to perform work, his *207 ability to take up regular employment when he did return to work and the name of plaintiff’s physician and address. This was signed by plaintiff.
On the back of this blank, which was filled out and signed by plaintiff and sent to the liability board of awards, is a copy of the rules of the board. Rule 4 provides that an employe who has been injured in the course of his employment and who contemplates filing an application for an award, shall, within one week from receiving such injury, notify the board of the time, place and nature of his injury and the name of his employer, and the forms of notice are to be obtained from the employer and mailed to the state board. Rule 7 provides that applications for awards in all cases of injury not resulting in death must be made by the party injured not less than two weeks nor more than three months after the injury is received. Rule 9 provides that in all cases of injury where the preliminary notice provided for by rule 4 has been given, and no application for compensation has been made within the time provided by rule 7, it shall be the duty of the director of claims to notify the injured person by mail of his noncompliance with rule 7, enclosing him a copy thereof, and should no application be filed within two weeks after such notice, the board may consider that such injured person has waived his right to compensation, and make a finding accordingly.
The blanks requested by plaintiff in the paper signed by him were furnished by the state board, but he failed to take any further action in reference to his claim, and at the end of two weeks, after *208 notice served upon him, the board found that he had waived his right to compensation and made its finding accordingly.
These facts in reference to the dealings of plaintiff with the state liability board of awards appearing upon the trial of the case, the defendant moved that the cause be withdrawn from the jury and that a judgment be rendered in his favor. This motion was overruled, the case was submitted to the jury and a verdict was rendered in favor of plaintiff and judgment entered thereon.
The court of appeals reversed this judgment upon the ground that plaintiff, when he filed the notice and preliminary application, so called, waived his right to exercise his option to institute proceedings in court, and plaintiff in error asks this court to reverse the judgment of the court of appeals and to affirm the judgment of the court of common pleas.
Section 1465-61, General Code, authorizes a claimant to make a claim for compensation out of the state insurance fund, or institute proceedings in a court for damages on account of his injury, in a case such as the one at bar, where the injury has arisen from a failure of the employer to comply with a statute for the protection of the life or safety of his employe.
In the last paragraph of this section this language is found:
“Every employe, or legal representative in case death results, who makes application for an award from the state liability board of awards, waives his *209 right to exercise his option to institute proceedings in any court.”
The only question for determination here is whether the “First Notice and Preliminary Application” filed by plaintiff was an application within the meaning of that term as used in Section 1465-61. If it were, then plaintiff could not institute this proceeding in the court of common pleas of Cuyahoga county.
It is the claim of plaintiff in error that the paper signed by him was not an application, but was merely a notice as provided in rule 4 of the state board.
Under the provisions of Section 1465-44, the board is authorized to adopt reasonable and proper rules to govern its procedure and to regulate and provide for the kind and character of notices in cases of accident and injury to employes. While the state board, under the provisions of this section, may make rules, it is not authorized to say that an application is not an application.
The language used in the blank signed by plaintiff in error is plain and unambiguous. It reads:
“I hereby make application to the state liability board of awards for the payment of money out of the state insurance fund on account of the injury to me hereinafter described.”
Then follows the request that all forms and blanks necessary for the proper proof of his claim be furnished to him.
Our holding is that this was an application within the meaning of that term as used in Section *210 1465-61 and the state liability board of awards was not warranted in holding that plaintiff had waived his right to compensation from the insurance fund in accordance with rule 9. That rule is applicable where a preliminary notice only has been filed. It cannot apply where an application has been made, as was made in the case under consideration. Having made his application for compensation from the insurance fund, plaintiff waived his right to exercise his option to institute a proceeding in court, and his proceeding in the court of common pleas should have been dismissed.
We find no error in the judgment of the court of appeals in reversing the judgment of the court of common pleas and in rendering final judgment for defendant in error.

Judgment affirmed.

Nichols, C. J., Johnson, Donahue, Newman, Jones and Matthias, JJ., concur.